UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: Automotive Parts Antitrust Litigation<br><br>In re: Wire Harnesses<br><br>This document relates to:<br>Truck and Equipment Dealer Cases | Master File No. 12-md-02311 |
| Rush Truck Centers of Arizona, et. al.,<br><br>            Plaintiffs,<br><br>        v.<br><br>DENSO Corp., et. al.,<br><br>            Defendants. | Honorable Marianne O. Battani<br><br>No. 2:14-cv-14451 |

**STIPULATION AND ORDER APPROVING
DISCOVERY PLAN AND CLASS CERTIFICATION SCHEDULE**

The Court hereby ORDERS that this Discovery Plan and Class Certification Schedule is APPROVED as follows:

This Order Approving Discovery Plan and Class Certification Schedule ("Order") applies to the above-captioned action, styled *Rush Truck Centers of Arizona, et. al, v. Denso Corp.*, *et. al*, No. 2:14-cv-14451 ("Rush Truck Action"),

which has been coordinated with MDL proceedings regarding wire harness products (In re Automotive Parts Antitrust Litigation, Wire Harness Lead Case, No. 2:12-cv-00100-MOD-MKM) (the "Wire Harness Cases").  In addition to the Rush Truck Action, the Wire Harness Cases include four putative classes – Direct Purchaser Plaintiffs (Case No. 2:12-cv-00101), Automobile Dealer Plaintiffs (Case No. 2:12-cv-00102), End-Payor Plaintiffs (Case No. 2:12-cv-00103), and Public Entity Plaintiffs (Case No. 2:14-cv-00106) – and an additional miscellaneous group for OEMs (Case No. 2:12-cv-00104) ("Individual Participant") (collectively "AWH Plaintiffs").  Plaintiffs in the Rush Truck Action ("Plaintiffs") shall make their best efforts to coordinate discovery with the AWH Plaintiffs and Defendants shall likewise make their best efforts to coordinate with each other regarding discovery directed to Plaintiffs.

I.      Rule 26(f) Conference – The parties have met and conferred in accordance with Federal Rule of Civil Procedure 26(f).

II.     Applicability of this Discovery Plan – Except as provided below, the obligations and deadlines set forth in this Order shall apply to each Plaintiff and Defendant[1] to the Rush Truck Action, unless and until a Defendant

---

[1] "Defendant" or "Defendants"  refers to the defendants named in the Rush Truck Action:  DENSO Corp., DENSO International America, Inc., Fujikura, Ltd., Fujikura Automotive America LLC, Furukawa Electric Co. Ltd., American Furukawa, Inc., LEONI Wiring Systems, Inc., Leonische Holding, Inc., Sumitomo Electric Industries, Ltd., Sumitomo Wiring Systems, Ltd., Sumitomo Electric Wiring Systems, Inc., K&S Wiring Systems, Inc., Sumitomo Wiring Systems (U.S.A.), Inc., Yazaki Corporation, Yazaki North America, Inc., TRAM, Inc., Tokai Rika Co., Ltd., G.S. Electech, Inc., G.S.W. Manufacturing, Inc., Mitsubishi Electric Corporation,  Mitsubishi Electric US Holdings, Inc.,  and Mitsubishi Electric Automotive America, Inc..  All parties stipulate and agree that the entry into, and

2

prevails on a motion to dismiss filed pursuant to Fed. Rule Civ. P. 12, or is otherwise dismissed from the Rush Truck Action, at which time such Defendant will no longer be subject to this Order.

III.  Production Stipulation and Order – The parties agree to be bound by and subject to the Stipulation and Order Regarding Production of Electronically Stored Information and Hard Copy Documents ECF No. 110, 2:12-md-02311-MOB-MKM (filed June 1, 2012) ("Production Stipulation and Order").

IV.  Protective Order – The parties have agreed to be bound by and subject to the Stipulation and Protective Order Governing the Production and Exchange of Confidential Information ECF No. 200, 2:12-md-02311-MOB-MKM (filed July 10, 2012) ("Protective Order").

V.  Expert Materials and Communications – The parties agree to be bound by and subject to the Stipulation and Order Regarding Non-Discoverability of Certain Expert Materials and Communications ECF No. 109, 2:12-md-02311-MOB-MKM (filed June 1, 2012).

VI.  Previous Discovery Plans –This Order is intended to supplement the Initial Discovery Plan, ECF No. 201, 2:12-md-02311-MOB-MKM (filed July 10, 2012) and the Order Approving First Supplemental Discovery Plan

---

compliance with, this stipulation by Defendants shall not constitute a waiver of (a) any jurisdictional defenses that may be available under Rule 12 of the Federal Rules of Civil Procedure, (b) any affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, or (c) any other statutory or common law defenses that may be available to Defendants.

3

("Supplemental Discovery Plan"), ECF No. 224, 2:12-cv-00100-MOB-MKM (filed May 23, 2014). To the extent that this Order is in conflict with the Initial Discovery Plan and/or Supplemental Discovery Plan, this Order supersedes those Plans, but otherwise those Plans remain in effect except to the extent that any of the deadlines set forth in those Plans have already passed as of the date on which this Order is entered. For purposes of the Initial Discovery Plan and the Supplemental Discovery Plan, Plaintiffs will be considered a "Plaintiff," "Plaintiffs," or "Plaintiff Groups," and the Rush Truck Action will be considered part of the "Wire Harness Cases."

VII.   Discovery Deadlines:

A.   AWH Written Discovery – Defendants represent that they have provided to Plaintiffs any responses to written document discovery served on AWH Plaintiffs and any subsequent correspondence discussing the scope of that discovery as it applies to that Defendant and to the extent that Defendant has served such responses or exchanged correspondence to date.

B.   AWH Document Discovery – Defendants represent that they have produced to Plaintiffs any documents and data previously produced to AWH Plaintiffs, to the extent that Defendant has made such productions to date, including "DOJ Documents" produced pursuant to Paragraph 3 of the Initial Discovery Plan.

C.   Rule 26 Initial Disclosure Obligations – Plaintiffs served their initial disclosures in the Rush Truck Action on April 17, 2015. Each

4

Defendant, except the New Defendants (as defined below), shall serve initial disclosures in the Rush Truck Action no later than June 1, 2015, which initial disclosures shall be limited to an identification of custodians and categories of documents pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i) and (ii) that were not previously disclosed in such Defendant's initial disclosures to AWH Plaintiffs.  New Defendants shall discuss with Plaintiffs the time for serving any initial disclosures during the meet and confer process described in Paragraph VII.E below.  The parties shall meet and confer on or before June 15, 2015 to determine whether, in light of certain Defendants' earlier document productions, initial disclosures served on AWH Plaintiffs, and interrogatory responses provided by Defendants to Plaintiffs, there is any need for any of the Defendants to make any further initial disclosures.

D.   Transactional Data

1.   Within two weeks of the date of this Order, each Plaintiff shall describe the content of the transactional data maintained by such Plaintiff and by any vendor (e.g., a DMS Provider), including identification of any such vendor(s), all fields in such data, and the time period for which such data exists.  Within one week of that date, the parties will meet and confer about any objections to production to Defendants of such data, and will submit to the Special Master any dispute within two weeks of the date of that meeting.  Plaintiffs will begin production of transaction data on a

rolling basis within two weeks of the resolution of any disputes and complete such production no later than 60 days after the resolution of disputes.

2.    Within two weeks of the date of this Order, each Defendant who has transactional data relating to sales of the products listed in paragraph 6 of the complaint in the Rush Truck Action, ECF No. 1 ("Complaint") for use in Trucks and Equipment (as defined in paragraph 2 of the Complaint) but who has not yet produced such data to Plaintiffs ("Data Defendant") shall describe the content of the transactional data maintained by such Data Defendant and by any vendor, including identification of any such vendor(s), all fields in such data, and the time period for which such data exists.  Within one week of that date, the parties will meet and confer about any objections to production to Plaintiffs of such data, and will submit to the Special Master any dispute within two weeks of the date of that meeting.  Data Defendants will begin production of transaction data on a rolling basis within two weeks of the resolution of any disputes and complete such production no later than 60 days after the resolution of disputes.

E.    The parties shall serve comprehensive requests[2] for production, to the extent needed and appropriate and only to the extent not duplicative of

---

[2] Comprehensive document requests are requests for documents designed by a party to obtain most or all documents that a party believes, based on their claims or defenses, are needed to support those claims or defenses.

requests already served in the Wire Harness Cases, no later than April 30, 2015, except that this paragraph shall not apply to Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc. (the "New Defendants"). The New Defendants shall meet and confer separately with Plaintiffs regarding the timing and scope of comprehensive document requests between the plaintiffs and New Defendants.  Nothing herein shall be deemed a waiver by any Defendant to its right to object to and/or move for protection from any discovery request on the basis of a pending motion challenging personal jurisdiction.

F.    Absent agreement of the parties, within 30 days of service of any request for production as provided in Rule 34 (but no earlier than June 1, 2015), the receiving party shall serve (1) written responses and objections to the document requests, and (2) provide information detailing whether the responding party will use custodians to respond to any document requests, and if so, list those custodians, and provide information as to the responding party's approach to search terms and/or culling and/or review methodologies. Notwithstanding this deadline, upon the issuance of any discovery in accordance with paragraph VII.E above, New Defendants shall be allowed 60 days to respond as required by this paragraph.

G.    Absent agreement of the parties, within 30 days of the service of the responses to any set of comprehensive document requests pursuant to Paragraph VII.F, the parties shall resolve any disputes regarding the

responses to that set of requests, including any disputes related to the responding party's use of custodians, search terms and/or culling and/or review methodologies.  If the parties cannot reach a resolution prior to or by the end of such period, the parties shall file any necessary motions with the Special Master within 10 days of reaching an impasse.

H.   Defendants shall produce to Plaintiffs all future documents produced to AWH Plaintiffs contemporaneous with productions to AWH Plaintiffs consistent with the governing production deadlines ordered or agreed to in the Wire Harness Cases.  Defendants, except New Defendants, will produce any additional documents and data necessary to respond to any comprehensive discovery requests served pursuant to Paragraph VII.D by February 1, 2016.  Subject to paragraph VII.E above, New Defendants and Plaintiffs shall use reasonable efforts to establish a deadline for comprehensive document production that provides adequate time to New Defendants and Plaintiffs to locate and produce responsive documents.   In establishing a schedule for document production, Plaintiffs and New Defendants shall be mindful of the Class Certification Schedule (as defined below) entered by the Court as well as the deposition schedule and shall use reasonable efforts to produce documents related to witnesses scheduled for deposition sufficiently in advance of the deposition to permit reasonable review and assessment of the documents prior to the deposition and to complete document production so that class certification shall proceed on that schedule.  Plaintiffs shall begin rolling document productions of

8

their organization charts, monthly and annual reports to their suppliers regarding purchases and sales of new vehicles, and any documents or categories of documents referenced or described in Plaintiffs' initial disclosures by June 1, 2015, and the production of such documents shall be completed by September 1, 2015. Plaintiffs shall (1) begin rolling document productions of additional documents responsive to the comprehensive discovery requests no later than 60 days after Defendants provide notice to Plaintiffs that they will not file any motion to compel related to any of Plaintiffs' responses to Defendants' comprehensive document requests, or 60 days after the Special Master or Court resolve any motions to compel that are filed, and (2) use best efforts to substantially complete all document productions necessary to respond to all comprehensive discovery requests no later than February 1, 2016.

I.      All non-expert depositions shall be completed by July 1, 2016.

J.      All interrogatories served by Plaintiffs or Defendants pursuant to Rule 33 of the Federal Rules of Civil Procedure must be served no later than July 1, 2016. After service of interrogatories, the parties will meet and confer within 10 calendar days to determine a reasonable date by which written responses and objections to interrogatories must be served, but all responses and objections must be served no later than the Written Discovery Deadline.

K.      All requests for admission served by Plaintiffs or Defendants, except requests for admission on the authenticity and/or business record status

of documents and data, must be served no later than July 1, 2016. After service of requests for admission, the parties will meet and confer within 10 calendar days to determine a reasonable date by which written responses and objections to the requests for admission must be served, but all responses and objections must be served no later than the Written Discovery Deadline.

L.   A party may serve additional non-comprehensive supplemental requests for documents, as permitted by the discovery provisions of the Federal Rules of Civil Procedure and in accordance with the instructions provided by the Court at the MDL 2311 status hearing held on February 12, 2014.  A party receiving such a later-served request may object to the request based on the Court's February 12, 2014 instructions.  Any such requests must be served by July 18, 2016, which is 45 days prior to the Written Discovery Deadline.

M.   All written discovery shall be completed by September 1, 2016 ("Written Discovery Deadline").

N.   Plaintiffs and each Defendant Group[3] shall confer every sixty (60) days about the general status and progress of their respective productions and provide reasonable notice of any anticipated failure to meet an upcoming deadline.

VIII.  Interrogatories – For purposes of calculating the number of interrogatories

---

[3] "Defendant Group" shall mean each group of Defendants represented by separate counsel (e.g. Yazaki, Sumitomo, Furukawa, DENSO, Fujikura, GS Electech, etc.).

permitted under Federal Rule of Civil Procedure 33(a)(1), Plaintiffs and each Defendant Group represented by separate counsel shall be considered a "party" under the Rule, and, so defined, each party shall be limited to serve a total of 35 interrogatories.  The parties shall meet and confer with each other in order to agree upon a due date for responding to any set of interrogatories within 10 days after the service of such interrogatories or within ten days of the entry of this order, whichever is later. If no due date can be agreed upon, the due date for responding to any set of interrogatories shall be 30 days from the expiration of said meet and confer period.

IX.  Depositions – To the extent not inconsistent with this Stipulation, depositions in the Rush Truck Action will be subject to any orders addressing the protocol for taking depositions entered in Master File No. 12-cv-02311 or the Wire Harness Cases, including the Stipulation and [Proposed] Order Regarding Deposition Protocol ("Deposition Protocol") to be entered in the case.  For purposes of the Deposition Protocol, Plaintiffs will be considered a "Plaintiff" or "Plaintiff Group."  For each entity (i.e., not natural person) named as a Plaintiff in the Rush Truck Action, the maximum number of depositions allowable will be determined based upon further consideration by the parties.[4]

X.  Discovery Coordination:

A.  Plaintiffs shall consult in good faith with AWH Plaintiffs and engage in

---

[4] It is understood that the limitations on the number and duration of Automobile Dealer plaintiffs that are presently the subject of negotiation and dispute are not intended to have any application to Plaintiffs in this Rush Truck Action.

11

best efforts to coordinate discovery and jointly resolve any disputes concerning the discovery they are seeking, so as to avoid duplication and unnecessary burden on Defendants. Defendants shall likewise consult in good faith with each other and engage in best efforts to coordinate discovery and jointly resolve any disputes concerning the discovery they are seeking, so as to avoid duplication and unnecessary burden on Plaintiffs. This paragraph in no way prejudices or diminishes Plaintiffs' right to serve discovery requests regarding issues that are not common to or not pursued by AWH Plaintiffs or any Defendant's right to serve discovery requests regarding issues that are not common to or not pursued by other Defendants.

B.  Plaintiffs shall make reasonable efforts to know what types of documents have been produced to AWH Plaintiffs, and shall not knowingly request documents that have already been produced, or Defendants have agreed to produce. Defendants shall likewise make reasonable efforts to know what types of documents have been produced by Plaintiffs, and shall not knowingly request documents that have already been produced, or Plaintiffs have agreed to produce. Duplication is a proper objection to written discovery requests.

C.  Neither Plaintiffs nor Defendants shall serve discovery that is duplicative of discovery already served. If Plaintiffs seek to enforce discovery served in other Wire Harness Cases against any Defendant pursuant to paragraph I.A.7 of the Supplemental Discovery Plan, the Defendant reserves the right to supplement its prior objections based

on, among other things, relevance and burden in the Rush Truck Action.  Likewise, if Defendants seek to enforce discovery served in other Wire Harness Cases against any Plaintiff pursuant to paragraph I.A.7 of the Supplemental Discovery Plan, Plaintiffs reserve the right to supplement their prior objections based on, among other things, relevance and burden in the Rush Truck Action.

XI.   Class Certification Briefing Schedule – The parties, except the New Defendants, acknowledge that they are subject to the Stipulated Order Regarding Briefing of Class Certification Motions and Close of Discovery ECF No. 264, 2:12-md-00102-MOB-MKM (filed February 11, 2015) ("Class Certification Schedule") and, to the extent not inconsistent with this Order, the deadlines provided in the Class Certification Schedule shall govern.

XII.   Amendments to Pleadings; Joining or Substituting Parties:  Absent a showing of good cause, all motions seeking leave to amend the pleadings or to join or substitute parties must be filed on or before July 20, 2015, and if Plaintiffs intend to seek such leave, they shall so advise Defendants no later than July 10, 2015, provided, however, that upon motion, class representatives may be added or dropped up to the time that motions for class certification are filed provided that the timing of adding a new class representative can be justified to the satisfaction of the Court consistent with applicable law.

XIII.   Dispositive Motions:  Nothing in this Order shall prohibit any party from filing a dispositive motion at any time.

**SO ORDERED:**


Date:  May 11, 2015                          s/Marianne O. Battani
                                             MARIANNE O. BATTANI
                                             United States District Judge

**SO STIPULATED:**


**DUANE MORRIS LLP**

/s/ J. Manly Parks (w/consent)                          Date:  May 6, 2015
Wayne A. Mack
J. Manly Parks
30 S. 17th Street
Philadelphia, PA  19103
Phone: (215) 979-1000
Fax: (215) 979-1020
wamack@duanemorris.com
jmparks@duanemorris.com

*Counsel for Plaintiffs*

JONES DAY

Date:  May 6, 2015

/s/John M. Majoras
John M. Majoras
Michael R. Shumaker
Carmen McLean
JONES DAY
51 Louisiana Ave. N.W.
Washington, D.C. 20001-2113
Tel. (202) 879-3939
Fax (202) 626-1700
jmmajoras@jonesday.com
mrshumaker@jonesday.com
cgmclean@jonesday.com

Michelle K. Fischer
Stephen J. Squeri
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
Tel. (216) 586-3939
Fax (216) 579-0212
mfischer@jonesday.com
sjsqueri@jonesday.com

Tiffany D. Lipscomb-Jackson
JONES DAY
325 John H. McConnell Boulevard, Suite 600
Columbus, OH 43215-2673
Mailing Address:  P.O. Box 165017
Columbus, Ohio 43216-5017
Tel. (614) 281-3939
Fax (614) 461-4198
tdlipscombjackson@jonesday.com

*Counsel for Defendant Yazaki Corporation and Yazaki North America, Inc.*

16

**LATHAM & WATKINS LLP**                    Date:  May 6, 2015

/s/ Marguerite M. Sullivan (w/consent)
Marguerite M. Sullivan
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Fax: (202) 637-2201
Marguerite.Sullivan@lw.com

Daniel M. Wall
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-0600
Fax: (415) 395-8095
dan.wall@lw.com

William H. Horton (P31567)
GIARMARCO, MULLINS & HORTON,
P.C.
101 West Big Beaver Road, Tenth Floor
Troy, MI 48084-5280
Telephone: 248-457-7060
bhorton@gmhlaw.com

*Counsel for Defendants Sumitomo Electric
Industries, Ltd.; Sumitomo Wiring Systems,
Ltd.; Sumitomo Electric Wiring Systems,
Inc.; K&S Wiring Systems, Inc.; and
Sumitomo Wiring Systems (U.S.A.) Inc.*

**LANE POWELL PC**

Date:  May 6, 2015

/s/ Larry S. Gangnes (w/ consent)
Larry S. Gangnes
LANE POWELL PC
1420 Fifth Ave., Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: (206) 223-7000
Facsimile: (206) 223-7107
gangnesl@lanepowell.com


Craig D. Bachman
Kenneth R. Davis II
Darin M. Sands
Tanya Durkee Urbach
Peter D. Hawkes
Masayuki Yamaguchi
LANE POWELL PC
ODS Tower
601 SW Second Ave., Suite 2100
Portland, OR 97204-3158
Telephone: (503) 778-2100
Facsimile: (503) 778-2200
bachmanc@lanepowell.com
davisk@lanepowell.com
sandsd@lanepowell.com
urbacht@lanepowell.com
hawkesp@lanepowell.com
yamaguchim@lanepowell.com


Richard D. Bisio (P30246)
Ronald S. Nixon (P57117)
KEMP KLEIN LAW FIRM
201 W. Big Beaver, Suite 600
Troy, MI 48084
Telephone:  (248) 528-1111

18

Facsimile:  (248) 528-5129
richard.bisio@kkue.com
ron.nixon@kkue.com

*Counsel for Defendant Furukawa Electric*
*Co. Ltd. and American Furukawa, Inc.*

**WILMER CUTLER PICKERING HALE AND DORR LLP**

Date:  May 6, 2015

/s/ Steven F. Cherry (w/ consent)
Steven F. Cherry
David P. Donovan
Patrick J. Carome
Brian C. Smith
Kurt G. Kastorf
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, NW
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
 steven.cherry@wilmerhale.com
david.donovan@wilmerhale.com
patrick.carome@wilmerhale.com
brian.smith@wilmerhale.com
kurt.kastorf@wilmerhale.com

*Counsel for Defendants DENSO Corp and DENSO International America, Inc.*

Steven M. Zarowny (P33362)
General Counsel
DENSO International America, Inc.
24777 Denso Drive
Southfield, MI 48033
Telephone: (248) 372-8252
Fax:   (248) 213-2551
steve_zarowny@denso-diam.com_

*Counsel for DENSO International America, Inc.*

**ARNOLD & PORTER LLP**                    Date:  May 6, 2015

<u>/s/ James L. Cooper (w/ consent)</u>
James L. Cooper
Michael A. Rubin
Laura Cofer Taylor
Katherine Clemons
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004
(202) 942-5000
(202) 942-5999 (facsimile)
james.cooper@aporter.com
michael.rubin@aporter.com
laura.taylor@aporter.com
katherine.clemons@aporter.com

Joanne Geha Swanson (P33594)
Fred Herrmann (P49519)
Matthew L. Powell (P69186)
KERR, RUSSELL AND WEBER, PLC
500 Woodward Avenue, Suite 2500
Detroit, MI  48226
(313) 961-0200
(313) 961-0388 (facsimile)
jswanson@kerr-russell.com
fherrmann@kerr-russell.com
mpowell@kerr-russell.com

*Counsel for Defendants Fujikura, Ltd. and*
*Fujikura Automotive America LLC*

**O'MELVENY & MYERS LLP**                Date:  May 6, 2015

/s/ Michael F. Tubach (w/ consent)
Michael F. Tubach
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Fax: (415) 984-8701
Mtubach@omm.com

Michael R. Turco (P48705)
BROOKS WILKINS SHARKEY &
TURCO PLLC
401 South Old Woodward, Suite 400
Birmingham, MI 48009
Telephone: (248) 971-1713
Fax: (248) 971-1801
turco@bwst-law.com

*Counsel for Defendants LEONI Wiring
Systems, Inc. and Leonische Holding Inc.*

**BUTZEL LONG**                              Date:  May 6, 2015

/s/ David F. DuMouchel (w/ consent)
David F. DuMouchel (P25658)
George B. Donnini (P66793)
BUTZEL LONG
150 West Jefferson, Suite 100
Detroit, MI 48226
Telephone: (313)225-7000
dumouchd@butzel.com
donnini@butzel.com

W. Todd Miller
BAKER & MILLER PLLC
2401 Pennsylvania Ave., NW, Suite 300
Washington, DC 20037
Telephone: (202)663-7820
TMiller@bakerandmiller.com

*Counsel for Defendants  TRAM, Inc. and
Tokai Rika Co., Ltd.*

**PORTER WRIGHT MORRIS &**        Date:  May 6, 2015
**ARTHUR LLP**

<u>/s/ Donald M. Barnes (w/ consent)</u>
Donald M. Barnes
Jay L. Levine
John C. Monica
Molly S. Crabtree
Jason E. Starling
PORTER WRIGHT MORRIS & ARTHUR
LLP
1900 K Street, NW, Ste 1110
Washington, DC 20006
Telephone: (202) 778-3054
Facsimile: (202) 778-3063
dbarnes@porterwright.com
jmonica@porterwright.com
mcrabtree@porterwright.com
jstarling@porterwright.com


*Counsel for Defendants G.S. Electech, Inc.*
*and G.S.W. Manufacturing, Inc.*

24

**JENNER & BLOCK LLP**

/s/ Terrence J. Truax (w/ consent)                    Date:  May 6, 2015
Terrence J. Truax
Charles B. Sklarsky
Michael T. Brody
Gabriel A. Fuentes
Daniel T. Fenske
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
ttruax@jenner.com
csklarsky@jenner.com
mbrody@jenner.com
gfuentes@jenner.com
dfenske@jenner.com

Gary K. August
ZAUSMER, KAUFMAN,
AUGUST & CALDWELL, P.C.
31700 Middlebelt Road
Suite 150
Farmington Hills, Michigan
48334-2374
Telephone (248) 851-4111
gaugust@zkac.com

*Counsel for Defendants*
*Mitsubishi Electric Corporation,*
*Mitsubishi Electric US Holdings,*
*Inc., and Mitsubishi Electric*
*Automotive America, Inc.*